865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee RHINEHART, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-1428.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 Before MERRITT and RALPH B. GUY, Jr., Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se appellant, David Lee Rhinehart, appeals from the district court's denial of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rhinehart pled guilty to distribution of cocaine, conspiracy to possess with intent to distribute cocaine, felon in possession of firearms and felon in receipt of firearms. In his motion to vacate, he argued that he pled guilty involuntarily as the result of ineffective trial counsel. Rhinehart argued that his trial counsel was ineffective because he failed to file a pretrial discovery motion and failed to file a motion to suppress evidence obtained by a search warrant. The district court denied Rhinehart's motion on the grounds that it was successive and to the extent Rhinehart raised no new or dissimilar claims, the motion was denied because it was an intentional abuse of process.
 
 
 3
 Upon review, we conclude that the district court did not err. A motion filed under 28 U.S.C. Sec. 2255 may be dismissed if the grounds for relief previously have been rejected on the merits. Rule 9(b), Rules Governing Section 2255 Proceedings. A comparison of one of Rhinehart's previous motions (October 17, 1985) with the instant motion reveals that his ground for relief has been previously considered and rejected by the district court. Furthermore, Rhinehart makes no "colorable showing of factual innocence" so as to require consideration of the immediate motion. See Kuhlman v. Wilson, 477 U.S. 436, 454 (1986). Therefore, the district court's denial was not error.
 
 
 4
 To the extent Rhinehart's immediate motion presents new or dissimilar claims, the district court properly denied the motion because of intentional abuse of process. This is Rhinehart's fifth post-judgment motion seeking either to reduce or vacate his prison sentence. Rhinehart's only reason for not asserting his grounds for relief from the beginning is that he claims that he was unaware of the legal questions involved. Under these circumstances, the district court properly denied Rhinehart's motion to vacate. See Owen v. United States, 660 F.2d 696 (6th Cir.1981) (per curiam).
 
 
 5
 Accordingly, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.